Liu v. Lynch

BIA
Christensen, IJ
A201 107 400

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand fifteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        GERARD E. LYNCH,
>            *Circuit Judges.*

_____

BIN LIU,
>        *Petitioner,*

>        v.                                                14-914
>                                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**          Henry Zhang, Zhang & Associates, P.C., New York, New York.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Blair T. O'Connor, Assistant Director; Eric

W. Marstellar, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bin Liu, a native and citizen of The People's Republic of China, seeks review of a February 14, 2014, decision of the BIA affirming a March 28, 2012, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Liu,* No. A201 107 400 (B.I.A. Feb. 14, 2014), *aff'g* No. A201 107 400 (Immig. Ct. N.Y. City Mar. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

2

For asylum applications like Liu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, the IJ's adverse credibility determination is supported by substantial evidence.

The IJ reasonably relied on material discrepancies between Liu's asylum application and testimony, including the date of his arrest. Moreover, Liu testified that police burned his underground church down after he was arrested, but his application made no mention of this incident. These inconsistencies are supported by the record. *Xiu Xia Lin*, 534 F.3d at 163-64. The IJ was not required to accept Liu's explanations. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The IJ also reasonably relied on Liu's inconsistent testimony concerning his household register. Liu submitted a household register booklet showing he lived with his uncle, testified that the register was accurate, but then later testified that he had never seen the booklet or lived with his uncle. This inconsistency is supported by the record, and the IJ was entitled to rely on it. *Xiu Xia Lin*, 534 F.3d at 163-64.

The IJ may have erred in finding Lin's various physical descriptions of his church inconsistent, but this error would not require remand. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 402 (2d Cir. 2005) (holding that we are not required to remand if it is "clear that the same decision would have been reached in the absence of the errors"). Ultimately, the IJ's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk